**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**DENNY HOBERT LESTER,**

      **Movant,**

**v.**                                  **Case No. 1:14-cv-11590**
                                           **Case No. 1:08-cr-00039-01**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on October 18, 2012. (ECF No. 65). Also pending is Movant's Motion for Final Disposition (ECF No. 72).  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge.  By Standing Order, Movant's motions were referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL AND PROCEDURAL BACKGROUND

### A      Criminal Action No. 1:08-00039

On August 19, 2008, Movant pled guilty to one count of distribution of a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1) (contained in Count 4 of the Indictment). (ECF Nos. 40, 43, 44).  On January 12, 2009, Movant was sentenced to a 168-month term of imprisonment, followed by a three-year term of supervised release. (ECF No. 57). The District Court also imposed a $100 special assessment. (*Id.*)  Movant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

### B.     First Section 2255 Motion (Civil Action No. 1:12-06700)

On October 18, 2012, more than three years after his judgment became final, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody alleging that the District Court improperly "used prior convictions to enhance Movant's sentence."   (Civil Action No. 1:12-06700, ECF No. 60). Citing *Carachuri-Rosendo v. Holder*, ____ U.S. ____, 130 S. Ct. 2577, 177 L.Ed.2d 68 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Movant argued that he is actually innocent of being a career offender under U.S.S.G. § 4B1.1(a) because his prior convictions were not felonies and therefore were improperly considered for the career offender enhancement. (*Id.*)[1]

On June 27, 2014, Movant filed an Addendum to his first section 2255 motion. (ECF No. 69).   Citing *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), Movant argued that his section 2255 motion should be considered timely and he should be allowed to challenge the validity of his sentence based upon *Simmons* because the limitations period should be equitably tolled.   (*Id.*)[2]

---

[1]  As noted by Magistrate Judge VanDervort in his Proposed Findings and Recommendation concerning Movant's first section 2255 motion (ECF No. 75), in *Carachuri-Rosendo*, the Supreme Court held that, in determining whether a prior conviction is an "aggravated felony" under the Immigration and Naturalization Act, the Court must look at the defendant's actual conviction and not the hypothetical worst-possible conviction based upon similar conduct.   560 U.S. at 575-579.   In *Simmons*, the Fourth Circuit applied this rationale, finding that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if that particular defendant's conviction, based upon his individual offense characteristics and criminal history, allowed for such a sentence.   649 F.3d at 244.   Thus, Movant's first section 2255 motion argued that his prior convictions were not felonies because, based upon *Simmons*, he could not have been sentenced to more than one year in prison.

[2]  Subsequently, however, the Fourth Circuit issued an en banc opinion wherein it determined that equitable tolling was not available based upon the petitioner's claim that only unfavorable precedent existed prior to *Simmons*.   *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc).

Movant's Addendum also asserted the following new grounds for relief: (1) "The sentencing court violated the Ex Post Facto Clause in sentencing defendant under a version of the U.S. Sentencing Guidelines that was promulgated after he committed his crime and increased the applicable range of incarceration;" and (2) "The sentencing court enhanced his sentence two points in calculating misdemeanors as felonies (brandishing a weapon (ball bat) and disorderly conduct)." (*Id.*)   On August 25, 2014, Movant filed another Addendum to his section 2255 motion (ECF No. 70) that is identical to that contained in ECF No. 69.   On June 24, 2015, the presiding District Judge entered a Memorandum Opinion and Order adopting Magistrate Judge VanDervort's Proposed Findings and Recommendation ("PF&R") (ECF No. 75) and denying Movant's first section 2255 motion (ECF No. 60), and the addenda thereto (ECF Nos. 69 and 70), as being untimely and without merit.

## C.      Second Section 2255 Motion (Civil Action No. 1:14-11590)

On March 4, 2014, prior to the adjudication of his first section 2255 motion, Movant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:14-11590, ECF No. 65), in which he alleges that his "conviction and resulting sentence were obtained in violation of the *Alleyne v. U.S.* decision."   The motion further asserts:

> The indictment and subsequent charging documents failed to identify the amount and/or quantity of drugs, specifically oxycodone, that the Movant was held accountable for – in the *Alleyne* case, the ruling specifies that the drug amount must be specifically stated in the indictment and be submitted to a jury to be subjected to be found beyond a reasonable doubt.   The drug amount must be specified for the satisfaction of reasonable doubt.   *Alleyne v. United States*, U.S. Supreme Court, June 17, 2013.

(*Id.* at 4).

The addenda filed and addressed in Movant's earlier section 2255 proceeding (ECF Nos. 69 and 70) were also docketed in this second civil proceeding.   On February 18, 2015, Movant filed an amendment to his second section 2255 motion, asserting that the District Court violated the Speedy Trial Act and that his trial counsel was ineffective in not filing a pre-trial motion asserting such violation.   (ECF No. 74).   Because the undersigned has determined from the face of these documents that Movant is not entitled to relief, no response from the United States has been required.

## ANALYSIS

Similar to his first section 2255 motion, Movant's instant motion was untimely filed.   In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

Movant's Judgment Order was entered on January 23, 2009, and his conviction and sentence became final ten days[3] later (on February 2, 2009) when he did not file a Notice of Appeal.   Movant filed the instant Motion on March 4, 2014, more than five years after his judgment became final.   Thus, Movant's present section 2255 motion, and its addenda and amendments thereto, are clearly untimely unless one of the other subsections of section 2255(f) applies.

Movant's section 2255 motion addresses the timeliness issue as follows:

Pursuant to the fact that *Alleyne v. United States* is applicable retroactively on 2255(f)(3), the Movant's one-year statute of limitations period for filing under the ruling started to toll [sic; run] on June 17, 2013, on the date that the U.S. Supreme Court rendered the *Alleyne* decision.

(*Id.* at 11).   Thus, Movant requests that the District Court "vacate and remand for resentencing pursuant to the new sentence calculations."   (*Id.* at 12).

In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury.   *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013).   *Alleyne* establishes a new rule of criminal procedure, rather than a substantive change in the law.   *Harris v. United States*, 2013 WL 4882227, * 2 (S.D. W. Va. Sept. 12, 2013).   Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review.   *Teague v. Lane*, 489 U.S. 288, 303 (1989).

---

3   On March 26, 2009, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended from 10 days to 14 days. The amendment, however, did not become effective until December 1, 2009.

Every court of appeals that has considered the issue, including the Fourth Circuit, has determined that *Alleyne* is not retroactive for purposes of collateral review.   *See United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sep. 27, 2013) ("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *see also Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (collecting cases finding that *Alleyne* is not retroactive on collateral review).   Movant does not assert any other basis for running the statute of limitations under another provision of section 2255(f) or for equitable tolling.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, based upon *Alleyne*, Movant's present section 2255 motion may not be considered timely under section 2255(f)(3) and Movant is not entitled to collateral relief thereunder. A similar finding was previously made in Magistrate Judge VanDervort's PF&R concerning Movant's first section 2255 motion (ECF No. 75 at 6 n.7), which was adopted by the presiding District Judge on June 24, 2015 (ECF No. 76).[4]   Furthermore, although

---

4   Strictly speaking, *res judicata* does not attach to the denial of a first section 2255 motion.   *See Muniz v. United States*, 236 F.3d 122, 126 (2d Cir. 2001) (citing *Calderon v. United States Dist. Court*, 163 F.3d 530, 537-38 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003); *see also McCleskey v. Zant*, 499 U.S. 467, 479-88 (1991).   Nonetheless, second or successive motions under section 2255 are barred by the AEDPA, unless the applicant first obtains pre-filing authorization from the appropriate court of appeals.   *See* 28 U.S.C. §§ 2244, 2255(h).

However, the Supreme Court has held that "a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion."   *Ching v. United States*, 298 F.3d 174, 175 (2d Cir. 2002); *see also Fuller v. United States*, 815 F.3d 112, 113 (2d Cir. 2016) ("in order for a § 2255 motion to be considered successive, it must have been filed after the adjudication of a prior § 2255 motion has become 'final.'")   The *Fuller* Court further noted that "a § 2255 motion does not become 'final' until [the] petitioner's opportunity to seek review in the Supreme Court has expired.'"   *Id.* at 120.

As noted in *Ching*, the instant section 2255 motion should have been treated as a motion to amend Movant's first section 2255 motion, as that motion had not been finally adjudicated at the time the second motion was filed.   Although no such finding and amendment was actually granted on the record, for all intents and purposes, Movant's *Alleyne* claim and the claims asserted in Movant's addenda contained in ECF Nos. 69 and 70 were treated as amendments to the first motion, as Magistrate Judge VanDervort addressed those claims in his PF&R and those findings were adopted by the presiding District Judge. Accordingly, those claims have been adjudicated on the merits and need not be re-addressed herein.

not addressed in his first section 2255 proceeding, Movant's claims concerning an alleged Speedy Trial Act violation are clearly untimely and Movant has not demonstrated any basis for an alternative calculation of the statute of limitations or equitable tolling thereof concerning those claims.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the addenda and amendment thereto (ECF Nos. 65, 69, 70 and 74), **DENY** his Motion for Final Disposition (ECF No. 72), and **REMOVE** this matter from the docket of the court.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Movant.

November 4, 2016

Dwane L. Tinsley
United States Magistrate Judge